IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RICHARD HAYES, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-CV-25 (WLS) |
| CHARLES FLOWERS, | : |
| Defendant. | : |

## ORDER

Presently pending before the Court is Defendant's Motion for Summary Judgment (Doc. 12). For the following reasons, Defendant's Motion for Summary Judgment (Doc. 12) is **DENIED**.

## I. PROCEDURAL HISTORY

On January 11, 2013, Plaintiff Richard Hayes filed a Complaint against Defendant Charles Flowers in the State Court of Dougherty County, Georgia. (Doc. 1-3 at 5.) Therein, Hayes asserted federal constitutional tort claims against Flowers for arrest without probable cause, false imprisonment, and malicious prosecution, and state claims for false arrest and false imprisonment. (*Id.*) On February 18, 2013, Flowers removed the case from state court to this Court, asserting that the matter fell under the Court's federal question jurisdiction and supplemental jurisdiction. (*See* Doc. 1.) On December 9, 2013, after the close of discovery, Flowers moved for summary judgment on Hayes' claims on the ground that he is entitled to qualified immunity. (*See* Doc. 12-1.) On January 2, 2014, Hayes filed a Response. (Doc. 13). On January 15, 2014, Flowers filed a Reply. (Doc. 15.) Thus, the above-referenced Motion is ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

## II.   SUMMARY JUDGMENT STANDARD

### A. Federal Rule of Civil Procedure 56

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Chapman*, 229 F.3d at 1023. The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by demonstrating to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than summarily deny the allegations or 'show that there is some metaphysical doubt as to the material facts.'" *Matsushita*, 475 U.S. at 586 (citations omitted). Instead, the nonmovant must point to competent record evidence that would be admissible at trial. *See also Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment

only if it "could be reduced to admissible evidence at trial or reduced to admissible form."). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. *See* Fed. R. Civ. P. 56(c)(4).

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c).

### B. Local Rule 56

Local Rule 56 requires the following:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.

M.D. Ga. L.R. 56. Here, Flowers properly filed a summary judgment motion with a statement of undisputed facts, as is required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (*See* Docs. 12-1 & 12-2.) Likewise, Hayes filed the proper response to Flowers' statement of material facts. (Doc. 13.) Having established the applicable standards, the Court will proceed to the facts.

### III. RELEVANT FACTUAL BACKGROUND

The following facts are derived from the Complaint (Doc. 1-3); Flowers' Answer (Doc. 3); Flowers' Statement of Undisputed Facts (Doc. 12-2); Hayes' Response to Flowers' Statement of Material Facts (Doc. 13); and the record in this case. Where relevant, the factual summary also contains undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a

light most favorable to Hayes as the nonmoving party. *See* Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 322-23.

At all times relevant to this case, Defendant Charles Flowers was acting in his role as an Investigator for the City of Albany's Police Department. (Docs. 12-2 at ¶ 1, 13 at ¶ 1.) On or about September 13, 2009, Flowers began an investigation in response to a call from a concerned citizen. (Docs. 12-2 at ¶ 2, 13 at ¶ 2.) Flowers began his investigation by speaking with the concerned citizen on Johnny W. Williams Road in Albany, Georgia. (Docs. 12-2 at ¶ 3, 13 at ¶ 3.) That person told Flowers that he personally witnessed several male individuals gathered at a residence near South Madison Street and Urqhart Avenue. (Doc. 12 at 5 ¶ 3.) The concerned citizen witnessed someone in the group say "oh no we can't have this" and 3-4 individuals in the group began walking toward Johnny W. Williams Road on South Madison Street. (*Id.*) At that time, the concerned citizen observed several gunshots originate from that group. (*Id.*)

Flowers was assisted by Investigator Tyrone Griffin of the Albany Police Department. (Docs. 12-2 at ¶ 4, 13 at ¶ 4.) Griffin told Flowers that Dontavious Morris a/k/a "Go'way" resided at the residence where the group congregated. (Doc. 12 at 5 ¶ 4; *see also* Doc. 12 at 13 ¶ 8.) When confronted, Morris told Flowers that fifteen individuals were on the front porch of his house at 2221 South Madison Street. (*Id.*) Morris identified Plaintiff Richard Hayes a/k/a "Buddy" ("Hayes"), Robert Hayes a/k/a "Big Boo" ("Robert Hayes"), and Antonio Williams as three individuals in the group on his porch. (Doc. 12 at 5 ¶ 4, 13 ¶ 8.) Morris stated that, although Hayes was present at his house, Hayes was not involved in the shooting, and that he was not with Antonio Williams when the shooting occurred.[1] (Doc. 13-2 at 1.)

Based on the information obtained from Morris, Flowers and Griffin interviewed Hayes, Robert Hayes, Antonio Williams, and Akeem Hines. (Docs. 12-2 at ¶ 5, 13 at ¶ 5.)

---

[1] Morris' affidavit states that he did not tell Flowers that Hayes was one of the individuals walking toward Johnny W. Williams Road with the small group of individuals, whereas Flowers' affidavit states that Morris told him that Hayes was with that group. (*Compare* Doc. 12 at 4-5 ¶ 4 *with* Doc. 13-2 at 1.) Neither Party introduced the audio recording, if any, of Morris' interview with police. Because the facts must be construed in a light most favorable to Hayes as the nonmovant on summary judgment, the Court construes the facts as asserted by Morris.

None of those individuals stated that Hayes was present with the small group when the shots were fired, and none of those individuals stated that Hayes participated in the shooting, other than being present.[2] (*See* Docs. 12-3—12-5, 14, 16.)

On October 22, 2009, Flowers arrested Hayes and took him into custody. (*See* Doc. 11-1 at 5 & 8.) On October 23, 2009, Flowers prepared an affidavit and presented it to Magistrate Judge Victoria Darrisaw.[3] (Docs. 12 at 8 ¶ 11, 12-2 at ¶ 6, 13 at ¶ 6.) Judge Darrisaw issued arrest warrants for Hayes for the offenses of "Aggravated Assault (party to a crime)" under Ga. Code Ann. § 16-5-21 and "Gang Participation" under Ga. Code Ann. § 16-15-4 in that Hayes "did walk in the 2200 Blk. of S. Madison St. with Antonio Williams (Southside Blood) while he shot an unknown caliber handgun at James Green (Gangsta Disciple)." (*See* Doc. 11-1.) On December 2, 2009, Hayes, Robert Hayes, and Antonio Williams were indicted by a Dougherty County Grand Jury for Aggravated Assault/Gang Participation. (Docs. 11-1 at 2, 12-2 at ¶ 7, 13 at ¶ 7.) The District Attorney's Office declined to prosecute the referenced charges against Hayes. (Docs. 12-2 at ¶ 9, 13 at ¶ 9.)

## VI. DISCUSSION

### A. Federal Law Claims

Flowers argues that he is entitled to qualified immunity because he had arguable probable cause to arrest Hayes, and that his belief that he had probable cause is supported by the arrest warrant and Grand Jury indictment. (Doc. 12-1 at 3.) Flowers does not state the crime for which he had arguable probable cause to arrest Hayes. (*See* Doc. 12-1.) Also, Flowers does not make any specific argument—that is, other than the referenced arguable

---

[2] Morris' affidavit and the audio recording of the interview with Williams contradict Flowers' assertion that Morris and Williams indicated that Hayes stood with Williams when he fired shots at James Green. (*See* Docs. 12, 12-2, 13, 13-2, 14, 16.) Because the Court must construe the evidence in a light most favorable to the nonmovant, the Court construes the evidence as showing that neither individual stated that Hayes was with the small group when shots were fired. As to Hayes and Robert Hayes, the recordings do not clearly establish whether either of those individuals stated that Hayes was with the small group. In any event, no one stated that Hayes' participation was any more than mere presence.

[3] Although the arrest warrants do not specifically state that Hayes was arrested before the warrants were issued, the warrants do state October 22, 2009 was the "date jailed." (Doc. 11-1 at 5 & 8.) The applications for the warrants bear Judge Darrisaw's signature below the words "sworn to and subscribed before me on this 23 day of Oct. 2009." (Doc. 11-1 at 6 & 9.) Because the Court must construe the facts in a light most favorable to Hayes as the nonmovant, the Court construes the facts as establishing that Hayes was arrested before the arrest warrants were issued.

5

probable cause argument—as to any of the particular federal claims. (*See id.* at 3-5.) Hayes argues that Flowers did not have arguable probable cause that he committed any crime because mere presence at the scene of a crime is not a crime. (*See* Doc. 13-1 at 3.) Hayes asserts that the only fact allegedly known by Flowers at the time of the arrest was that Hayes was present when Williams shot his gun. (*Id.*) Hayes submitted an audio recording of the interview of Williams; Flowers submitted audio recordings of the interviews of Hayes and Robert Hayes. (Docs. 14 & 16.)

"Section 1983 affords relief for individuals who have been deprived of a constitutional right by an individual who was acting under color of state law." *Lowe v. Aldridge*, 958 F.2d 1565, 1569 (11th Cir. 1992) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156-57 (1978)). "This seemingly broad protection notwithstanding, the defense of qualified immunity eliminates the relief otherwise available under § 1983 in many cases." *Herbig v. Kretzer*, No. 13-14710, 2014 WL 1327926, *1 (11th Cir. Apr. 4, 2014). The Court determines whether qualified immunity applies by following a two-step analysis. *Id.* First, the official must demonstrate that he was acting within his discretionary authority. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citing *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991)) (internal citations omitted). "An officer acts within the scope of his discretionary authority when his conduct is undertaken pursuant to the performance of his official duties." *Clark v. City of Atlanta*, 544 F. App'x 848, 852 (11th Cir. 2013) (citing *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)). Here, it is undisputed that Flowers was acting within his discretionary authority when he arrested Hayes. (*See* Doc. 13 at ¶ 1.)

In the second step of the qualified immunity analysis, " 'the burden shifts to the plaintiff to show lack of good faith on the defendant's part,' a burden that is met by proof that the defendant's conduct 'violated clearly established constitutional law.' " *Herbig*, 2014 WL 1237926 at *1. To meet that burden, Hayes must establish (1) that the facts, "[t]aken in the light most favorable to [him,] show the officer's conduct violated a constitutional right"; and (2) the right violated was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If Hayes fails to establish either prong, Flowers is protected by qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### i. Unlawful arrest

"[W]arrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim." *Lindsey v. Storey*, 936 F.2d 554, 562 (11th Cir. 1991) (citing *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990)); *see Wood v. Kesler*, 323 F.3d 872, 828 (11th Cir. 2003). "Qualified immunity will shield [Flowers] from a claim of false arrest without probable cause if there was arguable probable cause, i.e., if a reasonable officer, knowing what [Flowers] knew [at the time of Hayes' arrest], *could have believed* there was probable cause for the warrantless arrest." *Jones*, 174 F.3d at 1283 (citing *Gold v. City of Miami*, 121 F.3d 1442, 1445 (11th Cir. 1997)) (emphasis supplied). For a reasonable officer to believe the arrest was supported by probable cause, however, there must be an "objectively reasonable" basis for such belief. *United States v. Brazel*, 102 F.3d 1120, 1148 (11th Cir. 1997) (citing *United States v. Sledge*, 650 F.2d 1075, 1079 (9th Cir. 1981)). In other words, the officer's belief cannot be based on a mistake of law. *See United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002). "This standard recognizes that law enforcement officers may make reasonable but mistaken judgments regarding probable cause but does not shield officers who *unreasonably* conclude that probable cause exists." *Skop v. City of Atlanta*, 485 F.3d 1130, 1137 (11th Cir. 2007) (emphasis in original).

"Whether a particular set of facts gives rise to probable cause or arguable probable cause to justify an arrest for a particular crime depends, of course, on the elements of the crime." *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1333 (11th Cir. 2004). It is undisputed that Flowers had no reason to believe that Hayes shot a gun at Green. Thus, Flowers admittedly did not have arguable probable cause to arrest Hayes for directly committing the crime of aggravated assault. In the arrest warrant application, Flowers cited the Georgia criminal statutes on aggravated assault—which Flowers believed applied under Georgia's party to a crime statute—and gang participation. Without the benefit of a cogent or complete argument by Flowers' counsel, the Court is left to guess that Flowers seeks to rely on the referenced crimes for the basis of arguable probable cause. Under Georgia law, "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Ga. Code Ann. § 16-2-20(a). "A person is

concerned in the commission of a crime only if he: (1) Directly commits the crime; (2) Intentionally causes some other person to commit the crime under such circumstances that the other person is not guilty of any crime either in fact or because of legal incapacity; (3) Intentionally aids or abets in the commission of the crime; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime." *Id.* § 16-2-20(b).

The Court finds that Flowers did not have arguable probable cause to arrest Hayes for aggravated assault under the party to a crime statute. The evidence is undisputed that Flowers had no reason to believe that Hayes directly committed the crime of aggravated assault. That conclusion is buttressed by Flowers' need to reference Georgia's party to a crime statute in the arrest warrant application. Further, the evidence is undisputed that Hayes did not cause, aid, abet, hire, counsel, or procure Williams or any other person to commit the crime of aggravated assault. In Flowers' affidavit, he states that "it was clear to [him] that [Plaintiff] Hayes participated in the matter under investigation." (Doc. 12 at 6 ¶ 7.) The foundation of that belief, however, was upon shaky ground. Flowers asserts that he held the referenced belief because Hayes "mentioned certain facts which he could know of only if he was in fact present at time of the assault upon James Green" and that "[Antonio] Williams stated [that Hayes] stood with him during the shooting." (*Id.* at 6-7 ¶¶ 7 & 9.) Those facts support the belief that Hayes was present during the shooting, not that he is liable under Georgia's party to a crime statute. The Court notes that the issuance of an arrest warrant in this case does nothing to shield Flowers from § 1983 liability because, as the facts are construed on summary judgment, the arrest warrant was issued after Hayes' arrest. However, even if Flowers relied on the arrest warrant, the Court finds that he is not entitled to qualified immunity because "no reasonably competent officer would have concluded that a warrant should issue" and "officers of reasonable competence could [not] disagree on this issue." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). There is no dispute that more is required than mere presence for criminal liability.[4]

---

[4] The Court finds it prudent to address one potential argument as to why Flowers could have had arguable probable cause, although not raised by either Party. "While mere presence at the scene of a crime is not sufficient evidence to convict one of being a party to a crime, criminal intent may be inferred from presence, companionship, and conduct before, during and after the offense." *Belsar v. State*, 577 S.E.2d 569, 570 (Ga. 2003) (citing *Burks v. State*, 491 S.E.2d 368 (Ga. 1997)). The arrest warrant stated that Hayes, a "member of

The crime of gang participation under Georgia law requires the commission of a predicate offense. *See* Ga. Code Ann. § 16-15-4. The predicate offense here presumably was aggravated assault. *See* Ga. Code Ann. § 16-15-3(1)(J). For the reasons stated above, Flowers did not have arguable probable cause to arrest Hayes for any predicate crime necessary for a gang participation charge under Georgia law. Because Flowers had not identified any other crime for which he could have had arguable probable cause to arrest Hayes, the Court concludes that he is not entitled to summary judgment. As such, as to the false arrest claim, Flowers' Motion for Summary Judgment (Doc. 12) is **DENIED.**

### ii. False imprisonment

A § 1983 false imprisonment claim lies where the common law elements of false imprisonment are accompanied by a Fourteenth Amendment due process violation. *See Cannon v. Macon Cnty.*, 1 F.3d 1558, 1562-63 (11th Cir. 1993). "A detention on the basis of a false arrest presents a viable 1983 action." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (citing *Reeves v. City of Jackson*, 608 F.2d 644 (5th Cir. 1979)). "Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." *Id.* at 1526 (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). Because the Court has concluded,

---

the Southside Bloods Criminal Street Gang," "did walk . . . with . . . Williams (Southside Blood) while [Williams] shot an unknown caliber handgun at James Green (Gangsta Disciple)." (Doc. 11-1 at 6.) One could therefore argue that, under *Belsar*, Flowers had arguable probable cause to arrest Flowers for aggravated assault under Georgia's party to a crime statute because Hayes' criminal intent could be inferred by his presence with a comrade gang member, Williams, as Williams shot a gun at a rival gang member. However, such an argument would be unavailing. First, the Court has been unable to locate any case that suggests gang affiliation standing alone is a circumstance from which criminal intent may be inferred. *See*, *e.g.*, *Jones v. State*, 252 S.E.2d 394 (Ga. 1979). Second, if such were permissible, any time two or more gang members are together, and one were to commit a crime of violence against a rival gang member, all companion gang members in the offending crowd would be criminally liable for their comrade's behavior. *See also Jones v. State*, 740 S.E.2d 590, 593 (Ga. 2013) ("conviction as a party to a crime requires proof that the defendant shared a common criminal intent with the principal perpetrator of the crime"). During one of the interviews, Flowers stated that he believed that a member of Green's gang pointed a gun at Hayes, Hayes told Hines—who was a high-ranking member of the Southside Bloods—and Hines directed Williams to shoot his gun at Green and the rival gang members. Whether such a situation would be sufficient for arguable probable cause is not a question properly before this Court because Flowers' assertion during an interview is not evidence. *See also Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form."). Without any evidence to support that version of events, the Court concludes, as the record stands, there are no circumstances from which Flowers could have inferred criminal intent under Georgia law. *See* Fed. R. Civ. P. 56.

9

for the purpose of summary judgment, that Flowers lacked arguable probable cause to arrest Hayes for any crime under Georgia law, and Hayes was detained in jail for a period of time, the Court finds that Flowers is not entitled to summary judgment as to Hayes' false imprisonment claim. As such, as to the false imprisonment claim, Flowers' Motion for Summary Judgment (Doc. 12) is **DENIED.**

### iii.   Malicious prosecution

"To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (citing *Uboh v. Reno*, 141 F.3d 1000, 1002-04 (11th Cir. 1998)). For the reasons stated above, Hayes has raised a jury question as to whether his Fourth Amendment right to be free from unreasonable seizures was violated. Thus, Hayes has created a triable issue as to the malicious prosecution claim if he has raised a factual dispute as to each element of the common law tort of malicious prosecution. The elements of that claim are "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* at 881-82. The evidence is undisputed that each of those elements is met, save whether Flowers arrested Hayes "with malice and without probable cause." "Malice may be inferred from want of probable cause." *See Seaboard Oil Co. v. Cunningham*, 51 F.2d 321 (1931) (citing *Stewart v. Sonneborn*, 98 U.S. 187 (1878)). Because the Court has found that a jury question has been raised as to whether Flowers arrested Hayes without probable cause, the Court finds that Flowers is not entitled to summary judgment as to Hayes' malicious prosecution claim. As such, as to the malicious prosecution claim, Flowers' Motion for Summary Judgment (Doc. 12) is **DENIED.**

### B. State law claims

Flowers argues that he is entitled to official immunity under Georgia law because there is no evidence that he acted with actual malice. (Doc. 12-1 at 6.) In response, Hayes argues that malice may be inferred from a lack of probable cause and, because Flowers

arrested Hayes without probable cause, Hayes is not entitled to official immunity under Georgia law. (Doc. 13-1 at 8.)

Official immunity shields public officials from tort liability under Georgia law to the extent that the official acts without malice. *See Marshall v. Browning*, 712 S.E.2d 71, 73-74 (Ga. Ct. App. 2011). "A total lack of probable cause is a circumstance from which malice may be inferred." Ga. Code Ann. § 51-7-44. For the reasons stated above, the Court finds that Flowers' arrest of Hayes, under the facts and circumstances presented, if believed by the trier of fact, involved a total lack of probable cause. As such, malice may be inferred and Flowers is not entitled to official immunity under Georgia law. The Court will therefore proceed to Hayes' state law claims.

### i. False arrest

"An arrest under process of law, without probable cause, when made maliciously, shall give a right of action to the party arrested." Ga. Code Ann. § 51-7-1. "An aggrieved plaintiff must prove three elements in a false arrest claim: an arrest under process of law, without probable cause and made maliciously." *McKissick v. S.O.A., Inc.*, 684 S.E.2d 24, 29 (Ga. Ct. App. 2009) (quoting *Simmons v. Mableton Fin. Co.*, 562 S.E.2d 794, 797 (Ga. Ct. App. 2002)). Because the elements for false arrest under Georgia law are the same as the elements for malicious prosecution under the common law, and the Court has found that Hayes has raised a genuine dispute as to each element of the common law tort of malicious prosecution, Flowers' Motion for Summary Judgment (Doc. 12) as to Hayes' state law claim for false arrest is **DENIED.**

### ii. False imprisonment

"False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty." Ga. Code Ann. § 51-7-20. Under Georgia law, an officer may arrest a person "without a warrant if the officer has probable cause to believe that the defendant has committed a felony." *Arnsdorff v. State*, 263 S.E.2d 176, 178 (Ga. Ct. App. 1979) (citations omitted). Although aggravated assault is a felony, *see* Ga. Code Ann. § 16-5-21, there is sufficient evidence for the fact finder to find that Flowers did not have arguable probable cause to believe that Hayes had

committed that offense, or that his actions exposed him to criminal liability for any crime under Georgia law. For that reason, Flowers' Motion for Summary Judgment (Doc. 12) as to Hayes' state law claim for false imprisonment is **DENIED.**

## CONCLUSION

For the foregoing reasons, Flowers' Motion for Summary Judgment (Doc. 12) is **DENIED.**

**SO ORDERED**, this  16th  day of July 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT**